Joseph A. LEONI, d. b. a. Power-O-Peat Company, Appellant,

v.

C. G. WELLS, Jr., Individually and d. b. a. Juniper Hill Farm, Respondent.

No. 47805.

Supreme Court of Minnesota.

March 17, 1978.

Trenti, Saxhaug, Berger, Carey, Roche, Stephenson & Richards, and Thomas H. Carey, Virginia, for appellant.

Greenberg, Bloomquist & Colosimo, and John M. Colosimo, Virginia, for respondent.

PER CURIAM.

Joseph A. Leoni, d. b. a. Power-O-Peat Company, packages and sells peat soil products. His sole business facility is located at Central Lakes, Minnesota. C. G. Wells, Jr., d. b. a. Juniper Hill Farm, is a commercial grower located at Broken Arrow, Oklahoma. Pursuant to an oral contract made in Texas, Leoni shipped peat products to Wells. Leoni brought an action in district

---

court, St. Louis County, Minnesota, to recover the unpaid purchase price. The trial court dismissed the action for lack of personal jurisdiction. We affirm.

Leoni was attending a convention in Houston, Texas, where he met Wells. An agreement was orally made in accordance with which Leoni shipped peat products to Wells in Oklahoma. The shipment was by rail, F.O.B., Central Lakes, Minnesota. Thereafter, a dispute arose as to the contract price, and an exchange of letters and phone calls ensued. Wells was never in Minnesota for any purpose in connection with this transaction. Leoni brought this action, asserting personal jurisdiction under the Minnesota long-arm statute, Minn.St. 543.19. The trial court dismissed the action, holding that Wells lacked the minimum contacts with the State of Minnesota needed to justify the exercise of personal jurisdiction consistent with constitutional due process.

The sole issue on appeal is whether on the facts of this case the trial court was correct in refusing to grant personal jurisdiction over an out-of-state defendant under the Minnesota long-arm statute.

■ This court has construed Minnesota's long-arm statute to extend the jurisdiction of its courts to the fullest reach allowable under the due process clause of the constitution. *Hardrives, Inc. v. City of LaCrosse,* 307 Minn. 290, 240 N.W.2d 814 (1976). However, our cases have delineated a sharp distinction between nonresident sellers and nonresident buyers. With respect to the latter, an isolated purchase of goods from a Minnesota seller will not by itself subject the buyer to the jurisdiction of Minnesota courts. See, *Fourth N. W. Nat. Bank v. Hilson Industries, Inc.,* 264 Minn. 110, 117 N.W.2d 732 (1962); *Marshall Egg Transp. Co. v. Bender-Goodman Co., Inc.,* 275 Minn. 534, 148 N.W.2d 161 (1967). The trial court's ruling is consistent with these decisions.

■ In addition, we have reviewed the facts of this case in light of the standards set forth by Mr. Justice Harry A. Blackmun in the case of *Aftanase v. Economy Baler Co.,* 343 F.2d 187 (8 Cir. 1965). We find that even under the standard set out in *Aftanase,* Wells' contacts with this state are not sufficient to bring him under the jurisdiction of Minnesota courts.

■ Finally, Leoni argues that because the goods were shipped F.O.B., Central Lakes, Minnesota, Wells became the constructive owner of the goods (personal property) through its agent, the rail carrier, while the goods were still within the state. The result is asserted to be ownership of property in Minnesota, giving rise to personal jurisdiction under the long-arm statute. This argument is entirely without merit.

Affirmed.