**IFG LEASING CO., Plaintiff,**

v.

**Herbert F. TIBBETTS, Suzanne E. Tibbetts, and Dairyland Harvestore, Inc., and Badgerland/Dairyland Harvestore Systems, Inc., Defendants.**

**Civ. No. 4–87–812.**

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 17, 1987.

Kenneth G. Schivone, St. Paul, Minn., for plaintiff.

Frank R. Berman, Scott G. Harris, and Geri L. Napuck, Minneapolis, Minn., for defendants (Swanson, Steinhilber, Nesbitt, Swanson & Mares, Paul G. Swanson, Oshkosh, Wis., of counsel for Herbert and Suzanne Tibbetts; Bollenbeck, Block Seymour, Rowland & Samson, Jerome H. Block and Harvey G. Samson, Appleton, Wis., of counsel for Dairyland Harvestore, Inc. and Badgerland/Dairyland Harvestore Systems, Inc.).

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Before the court is the motion of defendants Herbert F. Tibbetts, and Suzanne E. Tibbetts, Dairyland Harvestore, Inc., and Badgerland/Dairyland Harvestore Systems, Inc., to dismiss for lack of personal jurisdiction under Rule 12(b)(2). In the alternative they seek transfer to the Eastern District of Wisconsin under 28 U.S.C. § 1404(a). Plaintiff IFG Leasing Co. filed a "motion in opposition to defendants' mo-

tion." The action was commenced in Hennepin County District Court, and removed by the defendants on September 20, 1987, pursuant to 28 U.S.C. § 1441(a). Diversity jurisdiction is alleged under 28 U.S.C. § 1332(a) and (c).

This case arises out of a lease agreement for a farm crop-storage silo.[1] The defendants, Herbert and Suzanne Tibbetts (Tibbetts), are Wisconsin farmers. Defendant Badgerland/Dairyland Harvestore Systems, Inc. (successor to defendant Dairyland Harvestors, Inc.) (both hereafter referred to as Dairyland), is a Wisconsin corporation and a manufacturer of agricultural equipment. Plaintiff IFG Leasing Company (IFG), a Minnesota corporation, is in business leasing agricultural equipment such as the silo at issue here.

In early 1983, the Tibbetts decided to install a crop-storage silo at their farm in Plainfield, Wisconsin. To finance the silo, the Tibbetts arranged for Dairyland to sell it to IFG, which in turn would lease it to the Tibbetts. The Tibbetts entered a written lease with IFG on approximately March 31, 1983. The lease was guaranteed by Dairyland.[2]

The Tibbetts defaulted on the lease, and it was accelerated by IFG on April 14, 1987. To date, the Tibbetts have apparently not paid the accelerated amount requested, nor has Dairyland apparently made any payment to IFG under the guarantee.

The plaintiff sued in Minnesota for a money judgment of $78,233.81, attorney's fees, and an order directing Dairyland to release to IFG pledged funds held at the Valley Bank at Hartford, Wisconsin. Defendants now bring this motion to dismiss or transfer venue.

Personal jurisdiction over the Tibbetts and Dairyland is asserted under the Minnesota long-arm statute. Minn.Stat. § 543.19.[3] Plaintiff states that the defendants either "transact[ed] business in the state" or "[committed an] act outside Minnesota causing injury or property damage in Minnesota." Minn.Stat. § 543.19(1)(b)(d).

Even if defendants fall within the statute, however, the exercise of jurisdiction must comport with due process. *See, e.g.,* *The Austad Company v. Pennie & Edmonds,* 823 F.2d 223 (8th Cir.1987):

In order to constitutionally assert personal jurisdiction over a non-resident defendant, " 'traditional notions of fair play and substantial justice' " must not be offended. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 [66 S.Ct. 154, 158, 90 L.Ed. 95] (1945), *citing Milliken v. Meyer,* 311 U.S. 457, 463 [61 S.Ct. 339, 343, 85 L.Ed. 278] (1940). The defendant must "purposefully avail itself of the

1. The background is derived from the complaint, the parties' memoranda and attachments, the oral arguments, and an affidavit filed by Roger DeRoo, vice president of the plaintiff corporation.

2. IFG apparently required the guarantee from Dairyland as a condition of purchase. The guarantee initially had a duration of three and one-half years, but was later extended to five years. The transactions surrounding the revised guarantee are basically undisputed; they are relevant because plaintiff cites correspondence and the phone conversations as significant instances of the defendants' contacts with Minnesota.

3. The long arm statute permits personal jurisdiction over foreign defendants in the following instances:

Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any

nonresident individual, or the individual's personal representative, in the same manner as if it were a domestic corporation or the individual were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or nonresident individual:

(a) Owns, uses, or possesses any real or personal property situated in this state, or

(b) Transacts any business within the state, or

(c) Commits any act in Minnesota causing injury or property damage, or

(d) Commits any act outside Minnesota causing injury or property damage in Minnesota, [with certain express exceptions not applicable here].

This statute was intended to extend personal jurisdiction over non-residents to the maximum permitted by due process. *Franklin Mfg. Co. v. Union Pacific R. Co.,* 297 Minn. 181, 210 N.W.2d 227 (1973).

privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 [78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283] (1958). In addition, a defendant must have "fair warning that a particular activity may subject [him or her] to the jurisdiction of a foreign sovereign." *Shaffer v. Heitner*, 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (Stevens, J. concurring).

*Id.* at 226. When analyzing the due process boundaries of personal jurisdiction, the focus is on the relationship among the defendants, the forum, and the cause of action. *Land–O–Nod Co. v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338 (8th Cir.1983) *quoting Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed. 2d 683 (1977).

█ In considering the defendants' motion to dismiss, the court views all disputed facts in the light most favorable to the plaintiff. *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 653 (8th Cir. 1982); *Hardrives, Inc. v. City of LaCrosse*, 307 Minn. 290, 240 N.W.2d 814 (1976). The plaintiff has the initial burden of making out a prima facie showing of personal jurisdiction, however. *Mountaire Feeds*, 677 F.2d at 653.

█ Only very few specific contacts with Minnesota are alleged. One affidavit is provided, which alleges that on November 19, 1984, Suzanne Tibbetts phoned IFG in Minnesota and successfully requested that a security held by IFG on 80 acres of the Tibbetts real property be released. Plaintiff does make other claims of the defendants' contacts with Minnesota, although most are not in affidavits. The plaintiff states that the leases and guarantees were solicited and entered in Minnesota,[4] that checks were drawn and forwarded from Minnesota, and that there were several instances of telephone conversations and correspondence sent into Minnesota. Further, some personal financial records of the Tibbetts were reviewed by IFG in Minnesota.

Even in the light most favorable to the plaintiffs, the defendants' contacts with Minnesota are minimal. None of the defendants engages in any regular business in Minnesota. There is no claim that any of them has ever entered the state. Dairyland's franchise agreement apparently prohibits it from engaging in business outside of Wisconsin.

The cause of action raised here does relate directly with the defendants' alleged contacts with the forum. The contacts, have been only occasional telephone and mail contacts, however. It does not appear that the defendants have in any way "purposefully availed themselves of the privilege of conducting business in the forum state." [5] *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *see Mountaire Feeds*, 667 F.2d at 654.

Phone and mail contacts alone have been held to be insufficient to afford personal jurisdiction under the Minnesota long-arm statute unless the out-of-state party ag-

**4.** At the hearing, plaintiffs counsel indicated that the written instruments were drafted and signed by plaintiff in Minnesota. The lease and guarantee were then sent to Wisconsin where they were to be signed by the defendants.

**5.** Plaintiff argues that an arbitration clause which it apparently drafted into both the lease and the guarantee permits this court to exercise jurisdiction over the plaintiffs:

ARBITRATION: Any controversy or claim arising out of or relating to this [guarantee] shall be settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Arbitration shall be held in the City of Minneapolis, County of Hennepin, State of Minneso-

ta, and any questions of law shall be decided in accordance with the laws of the above-named state.

The defendants respond that this arbitration clause has been waived since plaintiffs chose to file suit rather than arbitrate.

The arbitration clause does not control the outcome here. *See Dent–Air Inc., v. Beech Mountain Air Service*, 332 N.W.2d 904, 908 (Minn.1983). ("Had the parties wanted to ensure the use of [a Minnesota court] in the event of a breach of contract, they could have contractually consented to personal jurisdiction in Minnesota. A choice-of-law clause is not sufficient to confer jurisdiction, particularly where, as here, the clause was part of the lessor's standard lease form.")

gressively projects itself into the forum. *See, e.g., Dent–Air, Inc. v. Beech Mountain Air Service,* 332 N.W.2d 904 (Minn. 1983) (inquiry by lessee insufficient to confer jurisdiction); *Leoni v. Wells,* 264 N.W. 2d 646 (Minn.1978) (letters and phone conversations insufficient to confer personal jurisdiction over non-resident buyer); *see also Mountaire Feeds, Inc. v. Agro Impex S.A.,* 677 F.2d 651, 652 (8th Cir.1982).

"[M]erely entering into a contract with a forum resident does not provide the requisite contacts between a [non-resident] defendant and the forum state." *Mountaire Feeds,* 667 F.2d at 655, *quoting Iowa Electric Light & Power Co. v. Atlas Corp.,* 603 F.2d 1301 (8th Cir.1979) *cert. denied* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980).

After examining the relationships among the parties, the cause of action, and the forum, the court finds that the defendants have insufficient contacts with Minnesota to permit the exercise of personal jurisdiction over them consistent with due process. Where jurisdiction is lacking, a court may transfer an action to a court where jurisdiction is proper, under 28 U.S.C. § 1631. In this case, transfer to the Eastern District of Wisconsin is appropriate and in the interest of justice.

### ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendants' motion to transfer is granted, and this case is transferred to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1631.

2. The plaintiff's motion in opposition to defendants' motion is dismissed as moot.