**NORTH AMERICAN FINANCIAL CORPORATION, a Minnesota corporation, Plaintiff,**

v.

**AMGRAR GESELLSCHAFT FÜR FARM-LAGEN, mbH, a Pennsylvania corporation; Donald Hershey, an individual; Hershey Equipment Company, Inc., a Pennsylvania corporation, Defendants.**

**Civ. No. 4–88–687.**

United States District Court, D. Minnesota, Fourth Division.

Jan. 18, 1989.

Gordon I. Gendler, Fabyanske, Svoboda, Westra & Davis, P.A., St. Paul, Minn., for plaintiff.

Mallory K. Mullins, Maslon Edelman Borman & Brand, Minneapolis, Minn., for defendants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff North American Financial Corp. (NAFCO) brought this action in Hennepin County District Court for breach of an option contract to purchase leased equipment. Defendants are Amgrar Gesellschaft für Farmlagen, mbH (Amgrar), the lessee and holder of an option to purchase, and Donald Hershey and Hershey Equipment Company, Inc., the guarantors of the lease and contract. The action was removed pursuant to 28 U.S.C. § 1446, alleging diversity jurisdiction under 28 U.S.C. § 1332. Presently before the court is defendants' motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue.

Defendant Amgrar is engaged in poultry farming in Pennsylvania. In 1982, it entered a 5–year written lease with plaintiff NAFCO to lease two pullet houses and related equipment. At the beginning of the term the leased property was valued at $868,378.92.[1] The lease included an option to purchase, which could be exercised by Amgrar before the end of the term. The lease was guaranteed by defendants Hershey and Hershey Equipment.

On September 1, 1987 Amgrar exercised its option to purchase the remaining pullet house and equipment. The parties disputed the amount which Amgrar should pay. Plaintiff then brought this action for breach of the option contract. It seeks $291,500 as the fair market value of the

---

1. During the lease one of the pullet houses burned. The parties agree that the lease and option to purchase remained in effect. The parties modified the lease on September 30, 1985 to reflect the reduced value of the remaining equipment, apparently reducing the lease payments by half. The amount of the reduced value caused by the fire is not in dispute.

disputed pullet house and equipment and the fair rental value of the property from the end of the lease period to date. It also seeks to enforce the guarantee against Hershey and Hershey Equipment.

Defendants allege that this court has no personal jurisdiction over any of them and ask that the action be dismissed or transferred. Plaintiff opposes the motion and has submitted the affidavit of Gary Dreyling in support of its position. Dreyling describes defendants' direct contacts with Minnesota. Most of the correspondence and negotiation regarding the lease took place outside of Minnesota, between defendants and plaintiff's agents in Maryland. Most documents were then transferred by the agent in Maryland to plaintiff's home office in Minnesota. Defendants' direct contacts with Minnesota regarding this lease include several phone conversations with plaintiff's agents; a check sent by Amgrar from Pennsylvania to Minnesota; discussions regarding the fire and its aftermath which took place by phone with plaintiff in Minnesota; and defendants' letter exercising the option to purchase which apparently was sent directly to Minnesota. None of the defendants is claimed to have any other business relation to Minnesota, and none has entered the state, except Hershey who came once as a tourist.[2]

When personal jurisdiction is challenged, the plaintiff has the burden of proving that defendants are properly subject to the court's jurisdiction. *Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309, 311 (8th Cir.1982). Plaintiff contends that defendants contracted in the lease and guarantees to be subject to the personal jurisdiction of Minnesota courts. It argues that there is jurisdiction even without the alleged consent because each defendant comes under the Minnesota longarm statute, Minn.Stat. § 543.19, and has sufficient contacts with this forum to meet due process concerns.

*The Lease and Addendum*

Plaintiff contends that the equipment lease selects Minnesota as the proper forum for resolving contract disputes. The form lease, drafted by plaintiff, states that:

> This lease shall be governed by and construed in accordance with the law of the State of Minnesota.... Venue for any action hereunder or related hereto shall be in the appropriate court in the County of Hennepin, State of Minnesota, or such other court as Lessor may choose having jurisdiction over the parties.

Lease, paragraph 30, Complaint, Attachment A. Plaintiff argues that this language constitutes a consent to personal jurisdiction in Minnesota. Defendants respond that this language does not constitute a waiver of the defense of lack of personal jurisdiction, but is merely a choice of law and venue provision. They further argue that the clause was superceded by a typewritten addendum to the equipment lease which selects Pennsylvania as the forum for any contract action:

> [Amgrar] irrevocably submits to the jurisdiction of any Pennsylvania state or federal court sitting in the Middle District of Pennsylvania over any action or proceeding arising out of or relating to this Lease, and the Lessee hereby irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined in such Pennsylvania state or federal court.

Lease Addendum, Lammerding Affidavit, Exhibit 3.

Interpretation of a contract is a legal issue for the court unless the language is so ambiguous that it requires resort to extrinsic evidence to determine the meaning. *The Realex Chemical Corp. v. S.C. Johnson & Sons, Inc.*, 849 F.2d 299, 302 (8th Cir.1988). A "purported [contract] ambiguity does not automatically raise an issue of material fact" which would preclude resolution of the dispute as a matter of law. *Id.*

The first sentence of lease paragraph 30—"This lease shall be governed by ... the laws of ... Minnesota"—is unam-

---

**2.** Hershey Equipment Co., Inc. apparently advertises in national journals which circulate in Minnesota. That advertising has no relation to this action, however.

biguously a choice of law provision and not a consent to personal jurisdiction by defendants. "A choice-of-law clause is not sufficient to confer [personal] jurisdiction, particularly where ... the clause [is] part of a lessor's standard lease form" *Dent–Air, Inc. v. Beech Mountain Air Service,* 332 N.W.2d 904, 908 (Minn.1983). No personal jurisdiction over defendants therefore is obtained on that basis.

The other cited portion of lease paragraph 30—"Venue for any action ... shall be in the appropriate [Minnesota] court ... or such other court as Lessor may choose having jurisdiction over the parties"—is likewise not an express consent by defendants to personal jurisdiction in Minnesota. A choice of venue provision is not the same as a contractual consent to jurisdiction or mandatory designation of forum. *See, e.g., Friedman v. World Transportation, Inc.,* 636 F.Supp. 685, 691 (N.D.Ill.1986) (a forum selection clause which designates an exclusive forum is distinct from a venue waiver clause which permits a suit to be brought in certain forums).

The portion of the phrase which states that venue is appropriate in a Minnesota court, standing alone, might suggest that defendants agreed that litigation regarding the lease could take place in Minnesota. But the phrase is ambiguous at best. That first half of the sentence must be viewed in conjunction with the qualifying phrase— "or such other court as Lessor may choose having jurisdiction over the parties," as well as the addendum to the lease designating Pennsylvania as another proper forum. When viewed as a whole, it is evident that defendants did not expressly agree to be brought into a Minnesota court if plaintiff could not establish that defendants are otherwise subject to this court's jurisdiction.

The language relied on by plaintiff cannot alone support the exercise of personal jurisdiction over defendants since it is not unequivocal. *See Johns Insulation, Inc. v. Siska Construction Co., Inc.,* 671 F.Supp. 289, 294 (S.D.N.Y.1987) (forum selection clause must be unequivocal; if it is susceptible to two meanings, it will be construed against draftor). Defendants are therefore not subject to personal jurisdiction in this court based on any contractual consent.

*Long Arm Jurisdiction*

■ Plaintiffs apparently rely on subdivision (b) of the Minnesota long arm statute, Minn.Stat. § 543.19,[3] and contend that defendants have transacted business in Minnesota through the negotiation and administration of the equipment lease. The statute is construed to extend jurisdiction over foreign defendants to the maximum extent permitted by due process. *Franklin Mfg. Co. v. Union Pacific RR. Co.,* 297 Minn. 181, 210 N.W.2d 227, 229 (1973). The key question here is whether defendants' contacts with Minnesota are sufficient to permit the exercise of personal jurisdiction consistent with due process.

In order to ... assert personal jurisdiction over a non-resident defendant, [consistent with due process], " 'traditional notions of fair play and substantial justice' " must not be offended. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 [66 S.Ct. 154, 158, 90 L.Ed. 95] (1945), *citing Milliken v. Meyer,* 311 U.S. 457, 463 [61 S.Ct. 339, 343, 85 L.Ed. 278] (1940). The defendant must "purposefully avail itself of the privilege of conducting activities within the forum State,

**3.** The long arm statute permits personal jurisdiction over foreign defendants in the following instances:

> Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any nonresident individual, or the individual's personal representative, in the same manner as if it were a domestic corporation or the individual were a resident of this state. This section applies if, in person or through an

agent, the foreign corporation or nonresident individual:

> (a) Owns, uses, or possesses any real or personal property situated in this state, or

> (b) Transacts any business within the state, or

> (c) Commits any act in Minnesota causing injury or property damages, or

> (d) Commits any act outside Minnesota causing injury or property damage in Minnesota, [with certain express exceptions not applicable here].

Minn.Stat. § 543.19, subd. 1.

thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 [78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283] (1958). In addition, a defendant must have "fair warning that a particular activity may subject [him or her] to the jurisdiction of a foreign sovereign." *Shaffer v. Heitner*, 433 U.S. 186, 218 [97 S.Ct. 2569, 2587, 53 L.Ed.2d 683] (1977) (Stevens, J., concurring). *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 226 (8th Cir.1987). When analyzing the due process boundaries of personal jurisdiction, the focus is on the relationship among the defendants, the forum, and the litigation. *Land–O–Nod Co. v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338, 1340 (8th Cir.1983) *quoting Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

Plaintiffs point to few contacts of defendants to Minnesota. They assert that phone negotiations took place while plaintiff was in Minnesota; documents were executed by plaintiff in Minnesota; correspondence to defendants was sent from Minnesota; and calls and payments from defendants were received in Minnesota. Plaintiff places great emphasis on the fact that its main office is in Minnesota and that office ultimately supervised all aspects of the lease. Yet the affidavits from both sides make clear that most of defendants' contacts with plaintiff occurred through plaintiff's branch office in Maryland. Plaintiff's correspondence in most cases carried a Maryland address on the letterhead. *See* Dreyling Affidavit and attachments. Defendants' direct contacts with Minnesota were minimal.

Phone and mail contacts alone have been held to be insufficient to afford personal jurisdiction under the Minnesota longarm statute. *See, e.g., Dent–Air Inc. v. Beech Mountain Air Service*, 332 N.W.2d at 908 (inquiry by lessee insufficient to confer jurisdiction); *Leoni v. Wells*, 264 N.W.2d 646 (Minn.1978) (letters and phone conversations insufficient to confer personal jurisdiction over non-resident buyer); *see also Mountaire Feeds, Inc. v. Agro Impex S.A.*, 677 F.2d 651, 652 (8th Cir.1982) (extensive use of telephone, mail and banking, as well as shipping goods into state, not sufficient to confer personal jurisdiction). "[M]erely entering into a contract with a forum resident does not provide the requisite contacts between a [nonresident] defendant and a forum state." *Id.* at 655, *quoting Iowa Electric Light & Power Co. v. Atlas Corp.*, 603 F.2d 1301 (8th Cir.1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980).

After examining the relationship among the parties, the cause of action, and the forum, the court finds that the defendants have insufficient contacts with Minnesota to permit the exercise of personal jurisdiction over them consistent with due process. Defendants' alternative motion seeks transfer to the Middle or Eastern District of Pennsylvania. Under all the circumstances, transfer to the Middle District of Pennsylvania is appropriate under 28 U.S.C. § 1631 and in the interest of justice.

## ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendants' motion to transfer is granted, and this case is transferred to the Middle District of Pennsylvania in Harrisburg, Pennsylvania pursuant to 28 U.S.C. § 1631.