## FRANKLIN MANUFACTURING COMPANY v. UNION PACIFIC RAILROAD COMPANY.

210 N. W. 2d 227.

August 17, 1973—No. 43877.

*Sanborn, Rice, Holcomb & Grayson* and *George R. Roedler, Jr.,* for appellant.

*Kempf & Ticen* and *James D. Kempf,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Gillespie, JJ.

PER CURIAM.

Plaintiff, a Minnesota corporation with its principal place of business in Minnesota, has brought this action against defendant railroad, a nonresident corporation, to recover special damages allegedly sustained by plaintiff as a result of a delay in delivery

of goods purchased by plaintiff from an out-of-state firm that is not a party to the action. Defendant appeals from the district court's pretrial order denying a motion to dismiss the action on the basis of lack of personal jurisdiction over defendant. We affirm.

Early in 1970 plaintiff placed an order with the Owens-Corning Fiberglas Corporation in Kansas City, Kansas, for certain insulating materials needed by plaintiff in its manufacturing business in Minnesota. Pursuant to the sales agreement, on or about May 7, 1970, Owens-Corning loaded and delivered to defendant Erie Car No. 87321 with freight prepaid to be delivered to plaintiff, the shipment routed Union Pacific (defendant)—Chicago Rock Island and Pacific—Great Northern. Plaintiff is a third-party beneficiary of the shipping contract between Owens-Corning and defendant, Union Pacific. Defendant misrouted the car and as of May 21, 1970, still had the car in its possession.

Plaintiff, believing that it would have to either shut down its manufacturing plant or procure immediate substitute transportation for the material, had the freight transferred from defendant's railroad car to a truck transportation company for delivery in Minnesota. Plaintiff's claim is for the expense incurred in trucking the freight to Minnesota. The merits of this claim are, of course, not before us.

The statutory basis for assertion of jurisdiction is set out in Minn. St. 303.13,[1] the corporate long-arm statute, and

[1] Section 303.13, subd. 1(3), provides in part: "If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the state of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort."

§ 543.19,[2] which applies to individuals as well as corporate defendants. These statutes are sufficiently broad to encompass the relationship of plaintiff and defendant. As we have recently stated in such cases as Mid-Continent Freight Lines v. Highway Trailer Industries, 291 Minn. 251, 190 N. W. 2d 670 (1971), and Hunt v. Nevada State Bank, 285 Minn. 77, 172 N. W. 2d 292 (1969), certiorari denied sub nom. Burke v. Hunt, 397 U. S. 1010, 90 S. Ct. 1239, 25 L. ed. 2d 423 (1970), the legislature intended by the enactment of these statutes to extend the personal jurisdiction of this state's courts over nonresident defendants to the maximum limits permitted by due process. The crucial issue, admittedly difficult to resolve, is whether the assertion of jurisdiction by the courts of this state would comply with the overriding demands of due process.

In Mid-Continent Freight Lines v. Highway Trailer Industries, *supra*, we found persuasive the comprehensive analysis of Judge Blackmun, now Associate Justice of the United States Supreme Court, in Aftanase v. Economy Baler Co. 343 F. 2d 187

---

[2] Section 543.19, subd. 1, provides: "As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

"(a) Owns, uses, or possesses any real or personal property situated in this state, or

"(b) Transacts any business within the state, or

"(c) Commits any tort in Minnesota causing injury or property damage, or

"(d) Commits any tort outside of Minnesota causing injury or property damage within Minnesota, if, (1) at the time of the injury, solicitation or service activities were carried on within Minnesota by or on behalf of the defendant, or (2) products, materials or things processed, serviced or manufactured by the defendant were used or consumed within Minnesota in the ordinary course of trade."

(8 Cir. 1965), in which he listed five factors for consideration: (1) The quantity of the contacts with the forum state, (2) the nature and quality of the contacts, (3) the source and connection of the cause of action with those contacts, (4) the interest of the state in providing a forum, and (5) the convenience of the parties.

(1-2) With respect to the quantity, nature, and quality of defendant's contacts, it is undisputed that although defendant is not authorized to do business in this state, it has for an extended period of time maintained an office in this state for the purpose of soliciting freight shipments for carriage on some part of its line. This in our view is sufficiently substantial contact. Professors Wright and Miller state that "when a corporation solicits business in the state through a local office, or through the constant efforts of locally based agents, it usually is held to be doing business in the state for purposes of jurisdiction." Wright & Miller, Federal Practice and Procedure: Civil, § 1069. Although defendant was not the final carrier, it was the initiating carrier —and plaintiff's claim arises from defendant's action at the **point of initial carriage.**[3] (3) That plaintiff's asserted cause of action did not arise out of defendant's contacts with Minnesota is not unimportant. Were it otherwise, the issue would probably not have been raised. This nevertheless does not prevent this state from taking jurisdiction, provided the other factors weigh sufficiently in favor of it. See, 2 Moore, Federal Practice (2 ed.) par. 4.25(5). (4-5) Minnesota has a clear interest in providing a forum for this action to plaintiff, since plaintiff is a Minnesota resident and obviously would be convenienced by an adjudication of its claim in Minnesota. We are aware that defendant will be inconvenienced, at least to some degree not fully apparent in this record, by litigation a substantial distance from the place where the allegedly actionable event occurred. It does not appear that

---

[3] Although defendant has no transportation lines in this state, it is not insignificant that it does own railroad rolling stock which it authorizes other railroad companies to bring into Minnesota.

the litigation is of a nature likely to require the presentation of numerous witnesses or voluminous documentary evidence. It seems unlikely to be an inordinate burden, in any event, for a defendant whose business is that of interstate transportation. Considering all these factors, we conclude on balance that the taking of jurisdiction by the courts of this state would comply with due process.

Affirmed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.