Kelly P. BUSCH, Appellant,

v.

Steven F. MANN, et al., Defendants,

Badger Telephone Company, Inc., et al., Respondents.

No. C8–86–1183.

Court of Appeals of Minnesota.

Dec. 9, 1986.

Gary Alan Gittus, Paige J. Donnelly, Ltd., St. Paul, for appellant.

Mark A. Gwin, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for respondents.

Heard, considered and decided by POPO-VICH, C.J., and PARKER and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Appellant Kelly Busch was injured in an accident in Wisconsin involving telephone cable markers of respondent Badger Telephone Co., Inc. (Badger), a subsidiary of Universal Telephone Co., Inc. (Universal), both foreign corporations. The trial court dismissed the action based on a lack of personal jurisdiction. Busch acknowledges that neither corporation was transacting business in Minnesota at the time of the accident but argues that, as the result of a subsequent merger with a corporation doing business in this state, respondents were transacting business in this state when the summons was served, allowing assertion of personal jurisdiction under the Minnesota

long-arm statute. Busch also argues that exercise of jurisdiction would not violate constitutional due process principles. We affirm.

## FACTS

Busch was injured in a snowmobile accident near Webster, Wisconsin, on February 7, 1980. The snowmobile on which she was a passenger struck a telephone cable marker erected by Badger, a Wisconsin corporation, and a subsidiary of Universal. A Delaware corporation, Universal functions as a holding company for several corporations providing telephone service. Neither Badger nor Universal transacted business in Minnesota at the time of the accident.

On August 2, 1982, a merger was completed, with six corporations including Badger merged into Solon Springs Telephone Company (Solon Springs), the surviving corporation, also a subsidiary of Universal. Since 1961, Solon Springs has served approximately 94 telephone customers in Minnesota through its Dairyland and Danbury, Wisconsin, exchanges. It continues to serve those customers.

A complaint commencing this action was filed on July 1, 1983, which was after the Wisconsin statute of limitations had run. It was also after the corporate merger had occurred. Busch argued to the trial court that assertion of personal jurisdiction was proper as a result of the merger with Solon Springs, a corporation doing business in Minnesota. Those business contacts, Busch contended, allowed jurisdiction to extend to both Badger and Universal. Solon Springs was not named as a defendant. In granting respondents' motion for dismissal based on lack of personal jurisdiction, the trial court stated:

> [Busch] has failed to show how the transacting of business by either of these two named [respondents] was in any way connected with [Busch's] claim in this action, as required by Minnesota Statutes § 543.19, Subd. 3.

## ISSUES

1. Does Minnesota's long-arm statute require a nexus between the event giving rise to the cause of action and the transaction of business in this state in order for personal jurisdiction to be asserted?

2. Does the contact with Minnesota by Solon Springs allow the exercise of jurisdiction over the respondent corporations?

## ANALYSIS

### I.

■ Personal jurisdiction over non-residents may be exercised where provisions of a long-arm statute are applied in a manner that satisfies constitutional due process principles. *David M. Rice, Inc. v. Intrex, Inc.*, 257 N.W.2d 370, 372 (Minn.1977).

### A. The statutory nexus requirement

Minnesota's long-arm statute allows assertion of personal jurisdiction over foreign corporations who transact any business within this state. Minn.Stat. § 543.19, subd. 1(b) (1984). Subdivision 3 provides that only causes of action arising from the transaction of business in this state may be asserted against a defendant in an action in which jurisdiction is based on subd. 1(b) of the statute.

In granting the motion to dismiss due to lack of personal jurisdiction, the trial court did not comment on the fact that Solon Springs was not a party, but concluded that Busch had failed to show how the claim made in the action was related to the transaction of business in Minnesota by Solon Springs. The conclusion was based on the fact that the accident occurred in Wisconsin and was not related to the business activities of Solon Springs in this state which formed the basis for assertion of personal jurisdiction.

■ The statutory language requires a nexus between the events giving rise to a cause of action and the acts of a non-resident defendant within the forum state which can confer jurisdiction under the statute. *Tunnell v. Doelger & Kirsten,*

*Inc.*, 405 F.Supp. 1338, 1340 (D.Minn.1976). The statute provides that certain contacts connected with Minnesota establish personal jurisdiction, but only for causes of action arising from those contacts. *Waite v. Waite*, 367 N.W.2d 679, 680 (Minn.Ct.App. 1985). Where jurisdiction is based on the transaction of business in Minnesota, only causes of action arising from such business may be asserted against a defendant when jurisdiction is based on the long-arm statute. *Hanson v. John Blue Co., Division of Burnley Corp.*, 389 N.W.2d 523, 525 (Minn.Ct.App.), *pet. for rev. denied*, (Minn. Aug. 13, 1986).

 Busch bases her argument for the exercise of personal jurisdiction on Solon Springs' dealings with customers in Minnesota. However, the accident occurred in Wisconsin and was not related to Solon Springs' business activities in this state. As a result, the trial court correctly determined that the language of subdivision 3 of the long-arm statute does not allow assertion of jurisdiction. The nexus requirement of the statute has not been satisfied.

## B. Constitutional limitations

 There are situations where, although there is not a nexus between the cause of action and contact with the forum state, jurisdiction may be exercised without violating constitutional due process requirements. We recognize that continuous corporate activities within a state can be so substantial as to justify suits on causes of action arising from dealings entirely distinct from those activities without offending due process principles. *International Shoe Co. v. Washington*, 326 U.S. 310, 318, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945). In such instances, the constitutional considerations underlying jurisdictional requirements allow assertion of general jurisdiction, which extends to causes of action not arising from the transaction of business in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984). This is in contrast to specific jurisdiction, where a state may exercise personal jurisdiction over a defendant only in a suit arising out of or related to the defendant's contacts with the forum state. *Id.* at 414 n. 8, 104 S.Ct. at 1872 n. 8.

Busch argues that even though the statutory nexus requirements may not have been met in this instance, the presence of continuous and substantial contacts by respondents within the state of Minnesota permits the application of general jurisdiction despite the language of subdivision 3 of the long-arm statute. In support of Busch's argument, we note that the long-arm statute has been construed as extending to the full reach allowed under constitutional due process limitations. *Hanson*, 389 N.W.2d at 527. The constitution allows the exercise of general jurisdiction in certain instances, although the long-arm statute seems to be confined to the exercise of specific jurisdiction as a result of the nexus requirement imposed by subdivision 3.

Therefore, an apparent disparity arises between the statute's nexus requirement and the extent of jurisdiction allowed under due process concepts. The conflict between the more restrictive language of the long-arm statute and the reach of long-arm jurisdiction allowed by the constitution was recognized but not resolved in *Medtronic, Inc. v. Mine Safety Appliance Co.*, 468 F.Supp. 1132, 1144 (D.Minn.1979). The *Medtronic* court concluded that the facts of that case did not require deciding whether the nexus requirement imposed by the statute must be met in all instances or whether general jurisdiction may be asserted without violating statutory provisions. *Id.*

 Implicit in any discussion of general jurisdiction and the due process requirements which must be met if such jurisdiction is asserted, is a recognition that a foreign corporation must be able to reasonably anticipate being haled into the forum state's court. *BLC Insurance Co. v. Westin, Inc.*, 359 N.W.2d 752, 754 (Minn.Ct. App.), *pet. for rev. denied*, (Minn. Apr. 15, 1985), *cert. denied*, —— U.S. ——, 106 S.Ct.

132, 88 L.Ed.2d 109 (1985). It is this foreseeability that is critical to any due process analysis. *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Where general jurisdiction is allowed, this required foreseeability must arise from substantial contacts in the forum state. For example, a Delaware corporation with its principal place of business in Minnesota may have such substantial contacts and such an extensive presence here that it would anticipate this state's courts exercising jurisdiction to litigate causes of action unrelated to its activities in Minnesota. In contrast, a corporation domiciled and doing a majority of its business in another state would not reasonably expect to be haled into a Minnesota court to defend itself in an action unrelated to its activities in this state. Exercise of jurisdiction in such a situation would be contrary to due process principles.

Are we required to make a determination regarding general jurisdiction under the facts of this case? Busch argues that service to 94 telephone customers in Minnesota, through telephone exchanges located in Wisconsin, constitutes such substantial business activity in this state that the exercise of general jurisdiction is appropriate. We cannot agree. Although continuous and systematic service is provided to Minnesota customers by Solon Springs, Busch made no showing that 94 customers represent such substantial contact with this state as to be sufficient for assertion of general jurisdiction without offending due process notions. Consequently, as in *Medtronic,* the facts of this case do not call for a decision on the impact of the nexus requirement of this state's long-arm statute on the exercise of general jurisdiction.

## II.

The trial court based its decision on the lack of a nexus between the cause of action and business transactions in Minnesota. An additional issue should be addressed, however. Even if Solon Springs' contacts with this state were so substantial as to allow the exercise of general jurisdiction, we can discern no proper avenue by which that jurisdiction could be extended to the two named defendants in this action: Universal and Badger. Solon Springs is not a party here.

■ Initially, we recognize that the fact that Badger's merger with Solon Springs took place two-and-a-half years after the accident giving rise to this cause of action will not in itself defeat the assertion of jurisdiction against Solon Springs. Jurisdiction may be exercised if respondents were transacting business in this state at the time of the service of the summons. *Sivertsen v. Bancamerica-Blair Corp.,* 43 F.Supp. 233, 238 (D.Minn.1940), *appeal dismissed,* 129 F.2d 1022 (8th Cir.1942). Consequently, it is necessary to determine whether, as the result of the merger with Solon Springs, Universal and Badger are considered to have been transacting business here when the summons was served in 1983.

### A. Jurisdiction over Universal

■ Solon Springs is a subsidiary of Universal. Unless it is shown that the subsidiary is an instrumentality or an alter ego of the parent, it is generally presumed that the subsidiary is a legally separate entity from its parent corporation. *United States v. Advance Machine Co.,* 547 F.Supp. 1085, 1093 (D.Minn.1982). A subsidiary's activities may subject the parent company to jurisdiction only if the companies are so organized that one is an instrumentality or adjunct of the other. *Scott v. Mego International, Inc.,* 519 F.Supp. 1118, 1126 (D.Minn.1981).

Busch has the burden of showing a relationship between Universal and Solon Springs that justifies disregarding the separate corporate existences, and allows the conclusion that Universal may be considered to have been transacting business in this state at the time the summons was served. Busch has failed to carry that burden.

The record here indicates only that Universal is a holding company for Solon

Springs. There is no information regarding control of the subsidiary and hence no basis for concluding that the subsidiary is merely an alter ego of the parent corporation. No basis for piercing the corporate veil and extending the jurisdictional consequences of Solon Springs' contacts with Minnesota to Universal has been shown.

### B. Jurisdiction over Badger

Busch argues that because of the merger with Solon Springs jurisdiction may be asserted over Badger based upon the surviving corporation's contacts with Minnesota. The argument centers on the contention that as a result of the merger, Solon Springs assumed responsibility for Badger's tort liabilities. Because Busch views Solon Springs as ultimately liable for damages resulting from this pre-merger accident involving Badger, she argues that the assumption of liability allows extension of long-arm jurisdiction to Badger.

The Model Business Corporations Act, adopted in both Minnesota and Wisconsin, provides that the surviving corporation in a merger is responsible for all liabilities of each constituent corporation. Wis.Stat. § 180.67(5) (1984). However, the statute also recognizes the separate corporate existences involved in a merger. The constituent corporations become a single entity when the merger becomes effective. Wis. Stat. § 180.67(1). At that time, the separate corporate existences of each constituent corporation except the surviving corporation ceases. Wis.Stat. § 180.67(2).

As a result, Badger ceased to exist on August 2, 1982, and Solon Springs became responsible for Badger's liabilities at that time. We cannot, however, read the provisions of the corporate merger statute to extend the reach of Minnesota's long-arm statute. Two distinct concepts are involved. As the surviving corporation, Solon Springs may be responsible for liability arising from this 1980 accident involving Badger's telephone cable markers. The application of the corporate merger statute clearly would be appropriate if this proceeding had been brought in Wisconsin.

However, it was brought in Minnesota, where Badger never conducted business.

Solon Springs is not a named defendant in this proceeding. Badger is the defendant, and jurisdiction must be based upon its contacts with the forum state. We do not believe that Badger may be considered to have been transacting business in Minnesota in 1983, when the summons was served commencing this action. The statute provides that the merger had the effect of ending Badger's corporate life on August 2, 1982. It is impossible to view the extinguished corporation as doing business in this state after that time. Busch's assertion of jurisdiction is based upon alleged transaction of business by Badger that would not have been possible in Minnesota in 1983.

### DECISION

The trial court did not err in dismissing the action based upon lack of personal jurisdiction.

Affirmed.