**S.B. SCHMIDT PAPER COMPANY, Respondent,**

v.

**A TO Z PAPER CO., INC., Appellant.**

**No. CX–89–1636.**

Court of Appeals of Minnesota.

March 13, 1990.

Dale M. Wagner, Reese E. Chezick, Moss & Barnett, Minneapolis, for respondent.

Peter M. Lancaster, Dorsey & Whitney, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and FOLEY and KLAPHAKE, JJ.

## OPINION

FOLEY, Judge.

Nonresident buyer of paper from Minnesota corporation appeals from order denying motion to dismiss breach of contract claim for lack of personal jurisdiction by reason of insufficient contacts with Minnesota. Because we find there were insufficient contacts by the defendant with the forum state, we reverse and order the complaint be dismissed.

## FACTS

Respondent S.B. Schmidt Paper Company, a Minnesota corporation, is a paper broker with its principal office in Burnsville, Minnesota. Schmidt sells paper throughout the United States. Appellant A to Z Paper Company, a Louisiana corporation, is a distributor of paper products with offices solely in Louisiana. A to Z has never sold paper in Minnesota. All of its sales are in Louisiana, Mississippi or Arkansas. A to Z has never advertised in Minnesota and is not registered to do business in Minnesota.

Schmidt alleges A to Z's president contacted Schmidt on numerous occasions inquiring about the availability and price of paper products. According to Schmidt, A to Z's president contacted Schmidt and

placed orders on August 14, 24, 28 and September 2, 1987. It is undisputed more than two-thirds of the paper was shipped directly from Mexico to Louisiana. Payment was to be made in Minnesota. Allegedly, a check for part payment was received, but A to Z stopped payment on the check. A to Z alleges much of the paper was defective and was rejected by A to Z's customers.

Schmidt further claims it always prepares work orders when it gets orders from customers. The last page of the four page form goes to the customer. A to Z is alleged to have been sent that page with each of the four shipments. The copy supplied to the court was a blank form, not a copy of any form sent to A to Z. The form sent to customers has contract terms, including a provision that disputes will be arbitrated in Minnesota. If Schmidt does not receive notice of objection to the terms, Schmidt deems those terms to form a contract. Schmidt alleges A to Z never objected to the terms.

A to Z claims the initial contact between the companies was made by a Schmidt salesman in connection with a sales promotion. A to Z admits it contacted Schmidt some time later to place the orders. A to Z disputes the frequency of its contacts to Schmidt. A to Z also alleges no one at A to Z ever signed a contract or purchase order and that A to Z has no record of any written communications prior to when the dispute between the parties arose.

A to Z brought a pretrial motion to dismiss the complaint for lack of personal jurisdiction. A to Z now appeals the trial court's order denying that motion.

## ISSUE

Did A to Z have sufficient minimum contacts with Minnesota to satisfy constitutional requirements for assertion of personal jurisdiction?

## ANALYSIS

█ This appeal from an order denying a pretrial motion to dismiss for lack of personal jurisdiction is properly before this court because such orders are constitutionally appealable as of right. *In re State & Regents Building Asbestos Cases,* 435 N.W.2d 521, 522 (Minn.1989).

█ When a defendant challenges personal jurisdiction at the pretrial stage, the plaintiff has the burden of proving a prima facie case supporting jurisdiction. *Hardrives, Inc. v. City of LaCrosse, Wisconsin,* 307 Minn. 290, 293, 240 N.W.2d 814, 816 (1976). Additionally, the plaintiff's allegations and supporting evidence must be taken as true even though a defendant may dispute contacts alleged by the plaintiff. *Dent–Air, Inc. v. Beech Mountain Air Service, Inc.,* 332 N.W.2d 904, 907 n. 1 (Minn.1983).

The statutory authority for Schmidt's assertion of personal jurisdiction of Minnesota courts over A to Z provides that

a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any nonresident individual * * * as if it were a domestic corporation or the individual were a resident of this state. This section applies if, in person or through an agent, the foreign corporation * * *:

   *     *     *     *     *     *

(b) Transacts any business within the state;

Minn.Stat. § 543.19, subd. 1 (1986).

The statute "extend[s] the jurisdiction of Minnesota courts to the maximum limits consistent with due process. * * * [and], in doubtful cases, doubts should be resolved in favor of retention of jurisdiction." *Hardrives,* 307 Minn. at 296, 240 N.W.2d at 818 (footnote omitted); *see also Rostad v. On–Deck, Inc.,* 372 N.W.2d 717, 719 (Minn. 1985), *cert. denied,* 474 U.S. 1006, 106 S.Ct. 528, 88 L.Ed.2d 460 (1985). Nonetheless, the reach of this long-arm jurisdiction should not be such that " 'anyone who deals with a Minnesota resident in any way * * * can be brought into the Minnesota courts to respond to a suit.' " *Walker Management, Inc. v. FHC Enterprises, Inc.,* 446 N.W.2d 913, 914 (Minn.Ct.App. 1989), *pet. for rev. denied* (Minn. Dec. 15, 1989) (quoting *McQuay, Inc. v. Samuel*

*Schlosberg, Inc.,* 321 F.Supp. 902, 906 (D.Minn.1971)).

Constitutional requirements of due process demand a plaintiff make a prima facie showing a defendant had sufficient contacts with Minnesota so that requiring defense in Minnesota "does not violate traditional notions of fair play and substantial justice." *Dent–Air,* 332 N.W.2d at 907 (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). There must be " 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Hardrives,* 307 Minn. at 294, 240 N.W.2d at 817 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)).

■ The five pertinent factors to be considered in the determination are: (1) the quantity of the contacts with the forum state, (2) the nature and quality of the contacts, (3) the source and connection of the cause of action and the contacts, (4) the state's interest in providing a forum and (5) the convenience of the parties. *Vikse v. Flaby,* 316 N.W.2d 276, 282 (Minn.1982) (adopting five-factor test in *Aftanase v. Economy Baler Co.,* 343 F.2d 187, 197 (8th Cir.1965)). The last two factors are secondary to the first three. *Dent–Air,* 332 N.W.2d at 907. This test is

> another way of asking whether the defendant has established enough contacts with Minnesota to justify being sued here and whether those contacts were established on purpose in order to conduct business in this state.

*Real Properties, Inc. v. Mission Insurance Co.,* 427 N.W.2d 665, 668 (Minn.1988).

■ Schmidt argues A to Z's many telephone inquiries and orders made by telephone support jurisdiction. However, even if this court takes Schmidt's allegations as true, A to Z was never in Minnesota, and all contact was by telephone, the mails, or shipments (mostly from Mexico to Louisiana).

It has been held that the fact a nonresident is never present in the state in the course of a transaction done entirely by phone and mail is of no significant consequence. *See Marquette National Bank of Minneapolis v. Norris,* 270 N.W.2d 290, 295 (Minn.1978) (loans by Minnesota banks in which the loans themselves have significant Minnesota contacts confer personal jurisdiction). However:

> Phone and mail contacts alone have been held to be insufficient to afford personal jurisdiction under the Minnesota longarm statute. *See, e.g., Dent–Air Inc. v. Beech Mountain Air Service,* 332 N.W.2d at 908 (inquiry by lessee insufficient to confer jurisdiction); *Leoni v. Wells,* 264 N.W.2d 646 (Minn.1978) (letters and phone conversations insufficient to confer personal jurisdiction over nonresident buyer); *see also Mountaire Feeds, Inc. v. Agro Impex S.A.,* 677 F.2d 651, 652 (8th Cir.1982) (extensive use of telephone, mail and banking, as well as shipping goods into state, not sufficient to confer personal jurisdiction). "[M]erely entering into a contract with a forum resident does not provide the requisite contacts between a [nonresident] defendant and a forum state." *Id.* at 655, quoting *Iowa Electric Light & Power Co. v. Atlas Corp.,* 603 F.2d 1301 (8th Cir.1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980).

*North American Financial Corp. v. Amgrar Gesellschaft Fur Farmlagen,* 702 F.Supp. 1435, 1439 (D.Minn.1989); *see also, Walker Management,* 446 N.W.2d at 915.

■ By itself, buyer status will not protect the aggressor in a transaction. *Dent–Air,* 332 N.W.2d at 907. On the other hand, "[m]ere inquiry by a prospective buyer or seller, without more, will not sustain jurisdiction." *Id.* at 908; *see also, Mountaire Feeds, Inc. v. Agro Impex, S.A.,* 677 F.2d 651, 652 (8th Cir.1982) (nonresident purchaser initially called resident seller for price information and then placed telephone orders, but it was not thereby considered the aggressor). Additionally:

> "The general tendency of courts to require less in the way of sales activity to bring a foreign corporation within the jurisdiction of a state has not been accompanied by any parallel lessening of requirements as to purchasing activities."

*Walker Management,* 446 N.W.2d at 916 (quoting *Branstrom & Associates, Inc. v. Community Memorial Hospital,* 296 Minn. 366, 369, 209 N.W.2d 389, 392 (1973)).

In a contract dispute, there must be a substantial connection between the contract and the state. *Dent–Air,* 332 N.W.2d at 907 (citing *McGee v. International Life Insurance Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957)). The non-resident defendant "must be able to reasonably anticipate being haled into the state's court." *Dent–Air,* 332 N.W.2d at 907 (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).

Here, A to Z never sent a representative to Minnesota. The only contact A to Z had with Minnesota was through telephone inquiries and orders and sending payment to Minnesota. Indeed, most of the paper A to Z bought was shipped to A to Z from Mexico.

We adopt the following analysis from *Mountaire Feeds* as being applicable to these facts:

> We conclude that [plaintiff's] unilateral performance in the forum state is insufficient to support the exercise of personal jurisdiction over [defendant]. The sales contracts between [plaintiff] and [defendant] do not constitute a basis for jurisdiction. "Merely entering into a contract with a forum resident does not provide the requisite contacts between a [nonresident] defendant and the forum state." The commercial contacts in the present case tie [defendant] to [plaintiff], but not to [the forum state]. "It is a defendant's contacts with the forum state that are of interest in determining if in personam jurisdiction exists, not its contacts with a resident."

*Mountaire Feeds,* 677 F.2d at 655 (citations omitted).

Schmidt also argues A to Z contractually consented to Minnesota jurisdiction. We disagree. The contract clause reads:

> Any * * * controversy or claim arising out of or relating to this contract * * * shall be settled by arbitration in Minneapolis, Minnesota, * * * and judgment

upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

As an initial matter, the clause clearly provides for *arbitration* in Minnesota, not trial. It is also ambiguous. More importantly, though, the clause does not specify what state's law will apply. Therefore, we find no merit in Schmidt's argument this is a choice of law provision. Furthermore, even if this were a choice of law provision:

> A choice of law clause is not sufficient to confer [personal] jurisdiction, particularly where ... the clause [is] part of a * * * standard * * * form.

*Amgrar,* 702 F.Supp. at 1438 (quoting *Dent–Air,* 332 N.W.2d at 908).

Schmidt asserts Minnesota has an interest in providing a forum for its residents who have allegedly been wronged. *Dent–Air,* 332 N.W.2d at 908. This interest, however, has been "de-emphasized" in an attempt to slow the "inexorable expansion of jurisdiction in state courts." *West American Insurance Co. v. Westin, Inc.,* 337 N.W.2d 676, 678 (Minn.1983). Additionally,

> the primary focus must be on the *nonresident's interests and contacts with the forum state,* not on the resident's interest in having the case decided in its home state.

*Now Foods Corp. v. Madison Equipment Co.,* 386 N.W.2d 363, 368 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. Nov. 17, 1986) (emphasis in original) (citing *West American Insurance,* 337 N.W.2d at 679–80).

Nor is Minnesota a convenient forum. Issues about the quality of the paper Schmidt supplied will require witnesses and evidence in Mexico and Louisiana.

### DECISION

For the above reasons we reverse, and the trial court is ordered to dismiss the complaint.

Reversed.