**RYKOFF–SEXTON, INC.,** Respondent,

v.

**AMERICAN APPRAISAL ASSOCIATES, INC.,** Appellant.

**No. C4–90–696.**

Court of Appeals of Minnesota.

Sept. 11, 1990.

Review Granted Nov. 28, 1990.

Donald F. Hunter, Laura L. Myslis, Gislason, Dosland, Hunter & Malecki, Minnetonka, for appellant.

Charles W. Quaintance, Jr., Virginia A. Bell, Richard A. Kempf, Maslon Edelman Borman & Brand, Minneapolis, for respondent.

Considered and decided by WOZNIAK, C.J., and FOLEY and SCHULTZ *, JJ.

## OPINION

FOLEY, Judge.

Nonresident corporation that performed appraisal in California appeals from trial court's order denying motion to dismiss action by Delaware corporation with offices in Minnesota and California on the alternative grounds of lack of personal jurisdiction or forum non conveniens. Because we find this cause of action did not arise out of defendant's contacts with Minnesota, we reverse and order the complaint be dismissed.

## FACTS

Appellant American Appraisal Associates, Inc. is a Delaware corporation licensed to do business in Minnesota. Its corporate headquarters are in Milwaukee, Wisconsin. American conducts real estate appraisals nationwide. It has 36 offices located in 22 states. Two of those offices, a sales office and a production office, are in Minnesota. One of those offices has between 20 and 49 employees. American solicits business in Minnesota by advertising in *Minnesota Lawyer* and listing in the yellow pages. American's annual revenue from its Minnesota operations exceeds $2 million.

Respondent Rykoff–Sexton, Inc. is a Delaware corporation that is licensed to do business in Minnesota. Rykoff's main office is in Los Angeles, California, but it maintains offices in Minneapolis through its wholly-owned subsidiary, John Sexton Company. Rykoff's principal outside counsel is a Minneapolis law firm. One of the firm's partners is the secretary of Rykoff and a member of Rykoff's board of directors.

In August 1985 Rykoff contracted to purchase a piece of Los Angeles real estate from a third party. Rykoff and the seller decided that the purchase price would be determined by an independent real estate appraiser. They both agreed to use American as the appraiser.

On July 31, 1985 the president of Rykoff and the president of the seller corporation, both of whom work in Los Angeles, sent a letter requesting an appraisal to the district manager of American's Santa Anna, California office. The district manager agreed to do the appraisal in a letter he

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

sent to Rykoff and the seller's Los Angeles offices. The appraisal was conducted by employees working out of American's Pasadena, California office. On August 30, 1985 American sent a preliminary appraisal from its Pasadena office to Rykoff's and the seller's Los Angeles offices. The final appraisal, issued on September 11, 1985, was also sent from American's Pasadena office to Rykoff's and the seller's Los Angeles offices.

Rykoff's principal outside counsel participated in the negotiations with American. Two of the firm's partners had telephone conversations with representatives of American regarding American's ability to perform the appraisal and the terms of the appraisal contract. American also sent correspondence, including copies of the preliminary and final appraisals, to Rykoff's outside counsel in Minneapolis.

Rykoff subsequently sued American in Minnesota, claiming it suffered a loss due to alleged errors in the appraisal when Rykoff sold the California property. American made a motion to dismiss the action either for lack of personal jurisdiction or forum non conveniens. American now appeals the trial court's denial of that alternative motion.

### ISSUES

1. Was the trial court's assertion of personal jurisdiction over American consistent with statutory requirements?

2. Did American consent to jurisdiction by designating an agent for service of process in Minnesota?

### ANALYSIS

1. An order denying a pretrial motion to dismiss for lack of personal jurisdiction is constitutionally appealable as of right. *In re State & Regents Building Asbestos Cases*, 435 N.W.2d 521, 522 (Minn.1989).

■ When a defendant challenges personal jurisdiction, the plaintiff has the burden of proving a prima facie case supporting jurisdiction. *Hardrives, Inc. v. City of LaCrosse, Wisconsin*, 307 Minn. 290, 293, 240 N.W.2d 814, 816 (1977). While a defen-

dant may dispute contacts alleged by a plaintiff, at the pretrial stage the plaintiff's allegations and supporting evidence must be taken as true. *Dent–Air, Inc. v. Beech Mountain Air Service, Inc.*, 332 N.W.2d 904, 907 n. 1 (Minn.1983).

■ Minnesota's long-arm statute allows the exercise of personal jurisdiction over a foreign corporation that transacts "any business within the state." Minn.Stat. § 543.19, subd. 1(b) (1988). Subdivision 3 limits that exercise to cases in which there is a nexus between the events giving rise to a cause of action and a nonresident defendant's acts in this state. *Busch v. Mann*, 397 N.W.2d 391, 393 (Minn.App. 1986). The statute states:

> Only causes of action arising from acts enumerated in subdivision 1 may be asserted against a defendant in an action in which jurisdiction over the defendant is based upon this section

Minn.Stat. § 543.19, subd. 3 (1988).

■ There is an apparent disparity between the long-arm statute's nexus requirement and the extent of long-arm jurisdiction constitutionally permissible.

There are situations where, although there is not a nexus between the cause of action and contact with the forum state, jurisdiction may be exercised without violating constitutional due process requirements. We recognize that continuous corporate activities within a state can be so substantial as to justify suits on causes of action arising from dealings entirely distinct from those activities without offending due process principles. *International Shoe Co. v. Washington*, 326 U.S. 310, 318 [66 S.Ct. 154, 159, 90 L.Ed. 95] (1945). In such instances, the constitutional considerations underlying jurisdictional requirements allow assertion of general jurisdiction, which extends to causes of action not arising from the transaction of business in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9 [104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404] (1984). This is in contrast to specific jurisdiction, where a state may exercise personal jurisdiction over a de-

fendant only in a suit arising out of or related to the defendant's contacts with the forum state. *Id.* at 414 n. 8 [104 S.Ct. at 1872 n. 8]

*Busch,* 397 N.W.2d at 394. The conflict between the restrictive language in the long-arm statute and the extent of jurisdiction allowed under due process concepts is an unresolved question of state law. *Id.; Hoppe v. G.D. Searle & Co.,* 683 F.Supp. 1271, 1274 (D.Minn.1988); *Medtronic, Inc. v. Mine Safety Appliances Co.,* 468 F.Supp. 1132, 1144 (D.Minn.1979).

Here, American concedes its contacts with Minnesota are sufficient to satisfy due process requirements. We agree. American maintains offices and solicits business in Minnesota. Annual revenue from the Minnesota operations exceeds $2 million. It is, thus, necessary for us to determine the application of the nexus requirement.

Although our supreme court has not determined the application of subdivision 3, as noted in *Hoppe,*

> several recent Minnesota Court of Appeals decisions have relied upon the nexus requirement to decline personal jurisdiction. *Curry v. McIntosh,* 389 N.W.2d 224 (Minn.App.1986); *Hanson v. John Blue,* 389 N.W.2d 523 (Minn.App.1986); *Waite v. Waite,* 367 N.W.2d 679 (Minn. App.1985). Judges in [the federal district of Minnesota] have done the same. *Larson v. Assoc. of Apartment Owners of Lahaina Shores,* 606 F.Supp. 579 (D.Minn.1985); *Collyard v. Washington Capitals,* 477 F.Supp. 1247 (D.Minn. 1979). These state and federal decisions are all to some degree distinguishable; in each case, the court found not only a lack of a nexus but also a failure by plaintiff to establish minimum contacts. * * *

* * * * * *

If forced to decide this question, this Court would hold that the plain language of the statute embraces only the concept of specific jurisdiction. Until the statute is amended to specifically authorize jurisdiction to the limits of due process, or the Minnesota Supreme Court expressly endorses the concept of general jurisdic-

tion, this Court would impose the nexus requirement in all cases.

*Hoppe,* 683 F.Supp. at 1273–74.

Several Minnesota cases state that statutory and constitutional requirements for the assertion of personal jurisdiction are coextensive; however, jurisdiction has only been extended to its constitutional limits in transitory causes of action in which the location of events giving rise to the lawsuits was either mere fortuity or unknown.

For example, in *Franklin Manufacturing Co. v. Union Pacific Railroad Co.,* 297 Minn. 181, 210 N.W.2d 227 (1973), a Minnesota corporation sued a nonresident railroad corporation for damages caused by a misrouted shipment. The railroad had maintained an office in Minnesota for a long time to solicit freight shipments to carry on its line. The railroad did not have transportation lines in Minnesota but did own railroad rolling stock that it authorized other companies to bring into the state. The court held the railroad's contacts with Minnesota were substantial and allowed the exercise of jurisdiction even though the cause of action did not arise out of the railroad's contacts with Minnesota. *Id.* at 184, 210 N.W.2d at 229–30.

In *Rostad v. On–Deck, Inc.,* 372 N.W.2d 717, 722 (Minn.1985), *cert. denied,* 474 U.S. 1006, 106 S.Ct. 528, 88 L.Ed.2d 460 (1985), a products liability action, the court held Minnesota could assert jurisdiction over a foreign corporation that sold its products in Minnesota even though the plaintiff was unable to show how the particular product arrived in Minnesota. The defendant, which had no direct contact with Minnesota, had contracted with a distributor to market its products in a territory including Minnesota. The court noted that the distributor's marketing efforts in Minnesota were "quite successful" and that defendant's product had arrived in Minnesota as a result of defendant's "purposeful marketing efforts." *Id.* at 721.

Although dicta in *Hardrives* suggests a nexus between Minnesota and the cause of action may not be essential, the court did not consider the application of subdivision 3. *See Hardrives,* 307 Minn. at 298, 240

N.W.2d at 819. Rather, the court concluded the cause of action was related to defendant's contacts with Minnesota. *Id.* Notwithstanding the dicta in *Hardrives,* we believe the trend in Minnesota in contract cases is to require a nexus between the cause of action and defendant's contacts with the state.

In a contract dispute, there must be a "substantial connection" between the contract and the state. *Dent–Air,* 332 N.W.2d at 907 (citing *McGee v. International Life Insurance Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957)). The nonresident defendant "must be able to reasonably anticipate being haled into the state's court." *Id.* (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).

Recently, in *S.B. Schmidt Paper Co. v. A to Z Paper,* 452 N.W.2d 485 (Minn.App. 1990), this court ordered dismissal of a lawsuit because the defendant had insufficient contacts with Minnesota. Although *Schmidt* is distinguishable in that the Schmidt defendant was not licensed and did not do business in Minnesota, the opinion emphasizes the importance of a connection between a cause of action and the forum state in a contract dispute. *Id.* at 489. The *Schmidt* court held the defendant buyer's contacts with Minnesota "through telephone inquiries and orders and sending payment to Minnesota" were insufficient to support Minnesota's exercise of personal jurisdiction. *Id.*

Here, the letter requesting American to do the appraisal was sent from Rykoff's California office to American's California office. American agreed to perform the appraisal by way of a letter sent from its California office to Rykoff's California office. Employees working out of American's California offices did the appraisal. The land that was appraised is located in California. The only nexus between this case and Minnesota are telephone conversations and mail correspondence between American's employees in California and Rykoff's corporate counsel in Minnesota.

There are no allegations that either of American's Minnesota offices were in any way involved in the appraisal contract. Under these circumstances, it cannot be said that this cause of action arose from American's contacts with Minnesota.

Rykoff requested that we remand this case to permit further discovery if we found the trial court's assertion of personal jurisdiction over American was improper. Because the outstanding discovery does not pertain to the relationship between the events giving rise to this cause of action and American's contacts with Minnesota, we decline to do so.

■ 2. Rykoff claims American consented to personal jurisdiction of Minnesota courts for all purposes by designating an agent for service of process pursuant to Minn.Stat. § 303.13(2) (1988). We are not unmindful of *Knowlton v. Allied Van Lines, Inc.,* 900 F.2d 1196 (8th Cir.1990). The *Knowlton* plaintiff sued a nonresident corporation in Minnesota for injuries resulting from a car accident in Iowa. The court held defendant had consented to jurisdiction in Minnesota by designating an agent for service of process.

*Knowlton* is distinguishable from this case because it was a transitory cause of action. The court noted its decision was consistent with decisions of our supreme court.

[Minnesota's Supreme Court] adheres to the prevailing rule, which permits suit on transitory causes of action, such as those for personal injuries, regardless of where the cause of action arose, so long as the defendant is present in the State, or has consented to its jurisdiction, and has been served in accordance with law.

*Id.* at 1200.

In any event, this court is not obligated to follow federal interpretations of Minnesota law. *See Jendro v. Honeywell, Inc.,* 392 N.W.2d 688, 691 n. 1 (Minn.App.1986). We decline to hold that consent to service on a registered agent in Minnesota is a separate and independent basis for jurisdiction of a contract cause of action.

## DECISION

For the above reasons, we reverse and order the trial court to dismiss the complaint.

Because of our disposition of this case, we do not reach the forum non conveniens issue.

Reversed.